■ DOROTHY A. BAUMGARTNER, Appellant, v FREDERICK D. BAUMGART-NER, Respondent.—In an action for divorce, plaintiff appeals from so much of an order of the Supreme Court, Westchester County, dated July 8, 1977, as directed her and her counsel to execute a stipulation permitting a Probation Department investigation as to the custody aspects of the litigation. Order modified by adding thereto a provision that, in addition to being permitted to read the report, counsel shall be permitted to examine the author thereof. As so modified, order affirmed insofar as appealed from, without costs or disbursements. The time for plaintiff and her counsel to execute the stipulation is extended until 20 days after entry of the order to be made hereon. The stipulation which plaintiff refused to execute provides

that "The contents of the report shall be confidential and shall be used by the Court and shall not be divulged to the parties or their attorneys." It has been held that absent a stipulation, a trial court may not hold the results of such an investigation to be confidential *(Kesseler v Kesseler,* 10 NY2d 445, 446-447; *Di Stefano v Di Stefano,* 51 AD2d 885). Accordingly, plaintiff and her counsel were within their rights in refusing to sign the stipulation in the precise form that it was presented. However, the order of Special Term directing plaintiff and her counsel to execute the stipulation provides that "Upon the coming in to the Court of said investigation, counsel for each party hereto will be permitted to read the report, when submitted". Moreover, in a reply affidavit submitted to the Special Term, defendant's attorney argued that "the reports in question should be made available to counsel and that the author should be subject to cross-examination". Under these circumstances, and by so providing in the order, plaintiff's rights will be fully protected. Titone, J. P., Suozzi, Shapiro and Cohalan, JJ., concur.